IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 2:24cr16 |
| | ) | |
| JOSEPH ALLEN, | ) | |

        Defendant.

**DEFENDANT'S MOTION TO SEAL
AND NON-CONFIDENTIAL MEMORANDUM IN SUPPORT**

Joseph Allen, by counsel, pursuant to Local Criminal Rule 49(D), hereby provides notice to this Honorable Court and to the public of Ms. Allen's request to seal Exhibit 2 of the Defendant's Position on Sentencing.

The exhibit is a mental health evaluation that contains medical history, which constitutes protected information. Because this kind of information is inherently sensitive, it is generally protected from public disclosure in other legal contexts. Its dissemination is restricted by federal statute. *See, e.g.*, The Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub.L. 104–191, 110 Stat. 1936 (1996). And it is protected by state statutes. *See, e.g.*, Va. Code Ann. § 32.1- 127.1:03 (recognizing "individual's right of privacy in the content of his health records").

In light of its sensitive nature, courts in this district routinely order documents containing sensitive medical information be filed under seal. *See, e.g., United States v. Ceder*, Case No. 2:18cr66 (ECF No. 29 (E.D. Va. Sept. 25, 2018) (sealing medical information); *United States v. King,* Case No. 4:13cr116, ECF No. 88 (E.D. Va. Feb. 27, 2015)

(Davis, J.) (allowing sealing of document "because its contents include the Defendant's private health information"); *United States v. Ramsey*, 786 F. Supp. 2d 1123, 1126 n.7 (E.D. Va. 2011) (noting that report containing "sensitive medical and confidential matters" should remain under seal); *In re McIntyre*, 534 F. Supp. 2d 641, 644 (E.D. Va. 2007) (ordering clerk to file letter from doctor under seal); *James v. Servicesource, Inc.*, Civ. No. 07-317, 2007 WL 4190794, at *4 (E.D. Va. Nov. 21, 2007) (placing medical records under seal "[b]ecause of the sensitive nature of the records").

Here, there is no way to avoid the need for sealing. It is important for the Court to understand Ms. Allen's medical/mental history and diagnoses. At the same time, Ms. Allen should not be forced to disseminate private medical information and treatment to the general public. Accordingly, Ms. Allen, through counsel, provides non-confidential notice of the request to seal Exhibit 2 of her position on sentencing.

Respectfully submitted,

JOSEPH ALLEN

By: _____/s/_____
Suzanne V. Suher Katchmar
Virginia State Bar No. 37387
Assistant Federal Public Defender
Office of the Federal Public Defender
Attorney for Joseph Allen
500 East Main Street, Suite 500
Norfolk, Virginia 23510
Telephone: 757-457-0890
Facsimile: 757-457-0880
suzanne_katchmar@fd.org